**Bernard U. ROELS, Trustee of the Raymond M. Waldkirch Testamentary Trust, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civil Action No. 94–C–1167.**

United States District Court, E.D. Wisconsin.

April 15, 1996.

Bernard U. Roels, Roels, Keidatz & Parent, DePere, WI, for Plaintiff.

Mary E. Bielefeld, Trial Atty., Tax Division, Washington, D.C., for Defendant.

## DECISION AND ORDER

REYNOLDS, District Judge.

### BACKGROUND

When a person dies his or her estate is subject to taxation. The taxable amount can be decreased by certain deductions. Two deductions often claimed are the marital deduction, which allows a deduction for assets passing to the surviving spouse, and the charitable deduction, which allows a deduction for assets passing to qualifying charities. The estate in this case claimed a marital deduction which the IRS denied. The language of the last will and testament of the decedent in this case is such that all of the assets of his estate must pass, by way of a trust, to either his surviving spouse or to qualifying charities—and no others. However, the trust fails to meet the statutory requirements necessary for a marital deduction. Plaintiff argues that disallowing the marital deduction is contrary to the spirit of the law. Unfortunately for the plaintiff, its understanding of the spirit of the law is inconsistent with the letter of the law. The court will grant summary judgment for the defendant, United States of America.

The plaintiff, Bernard U. Roels, Trustee of the Raymond M. Waldkirch Testamentary Trust (the "Trust"), seeks a refund of federal estate taxes paid. After Mr. Waldkirch (the "decedent") died, his estate paid $358,846 in estate taxes. In an amended tax return, the estate claimed a $1,475,968 marital deduction

for assets passing from the estate to the Trust. The decedent's will provided that the Trust pay his wife income until she died or remarried and the remainder was to go to charity. The Internal Revenue Service denied the deduction and kept the $358,846 estate tax payment.

The plaintiff moved for summary judgment on August 24, 1995, arguing that the estate is entitled to the marital deduction because the Internal Revenue Code (IRC) allows estate tax deductions where there are outright gifts to either charities or to the surviving spouse, and that it would be contrary to the spirit of the law to disallow the deduction. The defendant moved for summary judgment on August 21, 1995.

## FACTS

Raymond M. Waldkirch, the decedent, executed his Last Will and Testament (the "will") on November 21, 1989. Pursuant to Article V of the will, the residue and remainder ($1,475,968) of decedent's estate was bequeathed to Victoria Waldkirch, his wife, as trustee of a trust designated the "RAYMOND M. WALDKIRCH TESTAMENTARY TRUST for benefit of VICTORIA WALDKIRCH". Article V also named Bernard Roels, the current trustee and attorney for the estate, as a successor trustee.

The will provides that the trustee pay Mrs. Waldkirch the entire net income of the Trust. It also provides that upon Mrs. Waldkirch's death or remarriage, the trustee must distribute the balance of the Trust to four charities designated in the will. The Trust did not provide Mrs. Waldkirch any power of appointment. The Trust is not a qualified unitrust, annuity trust, or pooled income fund. (Pl's. Br. in Supp. of Summ. J. at 2.)

Mr. Waldkirch died testate on October 6, 1990. The estate tax return was filed on July 9, 1991. A tax liability of $358,846 was reported as due on the return, and that amount was paid with the return. No marital deduction was claimed on the return, nor was a charitable deduction claimed for any residual value of the Trust.

In an amended return filed July 29, 1991, the estate claimed a marital deduction of $1,475,968, the full amount of the bequest to the Trust, and sought a refund of the $358,846. The estate did not claim any charitable deduction in either the original or the amended return. The personal representative of the Trust did not elect to claim a marital deduction for qualified terminable interest property (QTIP), pursuant to I.R.C. § 2056(b)(7), in either the original return or the amended return.

The IRS audited the amended return and disallowed the estate's claimed marital deduction. The plaintiff filed a protest but was not able to reach agreement with the IRS. Plaintiff filed this action on October 21, 1994.

Jurisdiction is proper pursuant to 28 U.S.C. 1340. Venue is proper in the Eastern District of Wisconsin.

## STANDARD OF REVIEW

■ A tax refund suit is reviewed *de novo*. A determination by the Commissioner is presumed to be correct and plaintiff bears the burden of proving that determination to be wrong. *Welch v. Helvering,* 290 U.S. 111, 115, 54 S.Ct. 8, 9, 78 L.Ed. 212 (1933). A plaintiff has both the burden of going forward and the burden of persuasion. *Publix Supermarkets, Inc. v. United States,* 26 Cl. Ct. 161, 167 (1992).

## ANALYSIS

■ The parties do not dispute the facts; thus, the court is left with a pure question of law. When does the estate tax marital deduction apply to a surviving spouse's contingent life estate?

Section 2001 of the Internal Revenue Code imposes a tax on a decedent's taxable estate. I.R.C. § 2001. The taxable estate is equal to the value of the gross estate, less all applicable deductions. (Gross estate − Total Deductions = Taxable Estate) *See* I.R.C. §§ 2031, 2051. The Waldkirch estate does not qualify for a marital deduction because the interest passed to Mrs. Waldkirch is terminable.

A marital deduction is allowed for qualifying dispositions of property to or for the

benefit of a decedent's surviving spouse.[1] The exception to this general rule, occurs where the spouse's interest is terminable. I.R.C. § 2056(b)(1).

■ An interest is terminable where it will terminate or fail on the lapse of time or occurrence of some event. 26 C.F.R. § 20.2056(b)–1(b). Section 2056(b)(1) provides, that where: 1) the surviving spouse's interest is terminable, and 2) the interest passes to any other "person", and 3) that "person" gets the opportunity to enjoy the interest, no marital deduction is allowed.[2] Mrs. Waldkirch's income interest was terminable on remarriage. Upon the occurrence of that contingency the interest will pass to charities and the charities will have the opportunity to enjoy the interest passed to them. Plaintiff argues that 2056(b)(1) is not applicable to the decedent's trust because the remainder will not pass to a "person" but will pass to charities. Plaintiff's interpretation requires the word "person" to be equivalent to human being under the statute. This would yield an absurd result; an estate could transfer interests to a spouse with the remainder to any entity other than a human being (or perhaps a corporation) and always be entitled to a marital deduction. This is clearly contrary to congressional intentions. The § 2056(b)(1) terminable interest limitation clearly applies to the decedent's Trust.

· Congress also provided exceptions to the terminable interest exception but the plaintiff has failed to show that any of them apply. Exceptions to the terminable interest

exception include 1) a legacy conditioned on survivorship for a limited period,[3] 2) a life estate with power of appointment in the surviving spouse,[4] 3) life insurance or annuity payments with power of appointment in the surviving spouse,[5] 4) a qualified terminable interest property,[6] and 5) a charitable remainder trust.[7] Exception 1 is not applicable to this trust. Also, the Trust did not provide for a power of appointment in the surviving spouse and thus, did not qualify for exceptions 2 and 3.

■ The fourth exception, the qualified terminable interest property (QTIP) exception, does not apply to Mrs. Waldkirch's interest. Qualifying for the QTIP exception requires, among other things, 1) that the property pass from the decedent, 2) that the surviving spouse be entitled to income for life, and 3) that the executor elected, on the tax return, to treat the property as QTIP. A contingent interest is fatal to a QTIP election. *See* 26 C.F.R. § 20.2056(b)–7(d)(3). Because the estate did not make the QTIP election on either tax return and because Mrs. Waldkirch's life estate is contingent on her not remarrying, the interest passed on to her is not qualified terminable interest property.

■ Finally, the Trust does not qualify for the fifth exception; it is not a charitable remainder trust under the IRC. For a trust to be considered a "charitable remainder trust," it must be either a charitable remainder annuity or a charitable remainder unitrust. 26 C.F.R. § 1.664–1(a)(1)(iii)(a). An

---

1. For purposes of the tax imposed by section 2001, the value of the taxable estate shall, except as limited by subsection (b), be determined by deducting from the value of the gross estate an amount equal to the value of any interest in property which passes or has passed from the decedent to his surviving spouse, but only to the extent that such interest is included in determining the value of the gross estate. I.R.C. § 2056(a).

2. Where, on the lapse of time, on the occurrence of an event or contingency, or on the failure of an event or contingency to occur, an interest passing to the surviving spouse will terminate or fail, no deduction shall be allowed under this section with respect to such interest—(A) if an interest in such property passes or has passed (for less than an adequate and full consideration in money or money's worth)

from the decedent to any person other than such surviving spouse (or the testate of such spouse); and (B) if by reason of such passing such person (or his heirs or assigns) may possess or enjoy any part of such property after such termination or failure of the interest so passing to the surviving spouse. I.R.C. § 2056(b)(1)(A), (B).

3. IRC § 2056(b)(3).

4. IRC § 2056(b)(5).

5. IRC § 2056(b)(6).

6. IRC § 2056(b)(7).

7. IRC § 2056(b)(8).

important factor of both the unitrust and the annuity trust is that the charitable remainder is determinable at the decedent's death. That is not the case here; the charitable remainder of the Trust is not determinable. In any event, the plaintiff agrees that the Trust is neither an annuity trust or a unitrust and, therefore, not a charitable remainder trust under the IRC.

Plaintiff has failed to show that the Trust qualifies for any of the exceptions to the terminable interest exception to the marital deduction rule.

■ However, plaintiff does not actually argue that it qualifies for one of the exceptions, but argues that the following syllogism is consistent with the spirit of the law and requires that the marital deduction be allowed:

Internal Revenue Code § 2056 allows a federal estate tax deduction for assets passing from the decedent to the decedent's spouse, and I.R.C. § 2055(a)(2) allows a federal estate deduction for assets passing to a qualified charity. Here, the decedent's assets would only go to the surviving spouse or a qualifying charity. Therefore, plaintiff argues, it would be contrary to the spirit of the law to deny it a marital deduction.

Plaintiff relies on the following legislative history to support its position:

If an individual transfers property outright to charity, no transfer taxes generally are imposed. Similarly, under the unlimited marital deduction provided in the committee bill, no tax generally will be imposed on an outright gift to the decedent's spouse. As a result, the committee finds no justification for imposing transfer taxes on a transfer split between a spouse and a qualifying charity. Accordingly, the bill provides a special rule for transfers of interests in the same property to a spouse and a qualifying charity.

Under the bill, if an individual creates a qualified charitable remainder annuity trust or a charitable remainder unitrust, and the only noncharitable beneficiaries are the donor and his spouse, the disallowance rule for terminable interests does not

apply. Therefore, the individual will receive a charitable deduction (under sec. 2055 or 2522) for the amount of the remainder interest and a marital deduction (under sec. 2056 or 2523) for the value of the annuity or unitrust interest; no transfer tax will be imposed.

(H.R.Rep. Nos. 201–08, 97th Cong., 1st Sess., Ser. No. 13421 at 162) (emphasis added).

Plaintiff acknowledges the special rule is for annuity trusts and unitrusts but argues that the legislative history "does apparently also apply to any transfer where there is an income interest in [the] spouse for life and a remainder interest to charity." [8] The plaintiff has provided no support for this proposition. The Committee Report refers specifically to qualified charitable remainder annuity trusts and charitable remainder unitrusts. As discussed, the Trust is neither. This legislative history does not provide enough support for plaintiff's argument.

Thus, plaintiff is left with arguing that the following footnote in the legislative history supports its position:

The general rules applicable to **qualifying income interests** may provide similar treatment where a decedent provides an **income interest in the spouse for her life** and a remainder interest to charity. If the life estate is a **qualifying income interest,** the entire property will, pursuant to the executor's election, be considered as passing to the spouse. Therefore, the entire value of the property will be eligible for the marital deduction and no transfer tax will be imposed. Upon the spouse's death, the property will be included in the spouse's estate but, because the spouse's life estate terminates at death, any property passing outright to charity may qualify for a charitable deduction.

*Id.* at n. 4 (emphasis added). This footnote does not support plaintiff's position; Mrs. Waldkirch's does not have a qualifying income interest. To have a qualifying income interest, she must, among other things, be entitled to all the income for life from the property. § 2056(b)(7)(B)(ii). As discussed,

8. (*See* Pl's. Br. in Supp. of Summ. J. at 5–6.)

this is not the case because her income is contingent on not getting remarried.

Also, the footnote states that "the general rules applicable ... may provide similar treatment." The use of the conditional "may" shows that what follows is only hypothetical. And, the Trust does not even match the facts of the hypothetical. The footnote only contemplates a life estate transfer on death of the surviving spouse. It does not discuss contingencies such as remarriage.

The plaintiff is asking the court to extend, based on a footnote in the legislative history, beyond the express language of the Internal Revenue Code. The court declines to do so. Legislative history can assist in deciphering unclear statutes, but the IRC sections in question provide "uncommonly clear and cohesive language, particularly for tax provisions." *Estate of Clayton v. C.I.R.*, 976 F.2d 1486, 1493 (5th Cir.1992).

For the above reasons, the court **GRANTS** defendant's motion for summary judgment. The case is dismissed.

**SO ORDERED.**